UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RONALD RUIZ AND PRINCESS TANQUIS     *     CIVIL ACTION

versus     *     NO. 06-6326

STATE FARM INSURANCE COMPANY     *     SECTION "F"
and MEL NELSON

ORDER AND REASONS

Before the Court is plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

Background

Hurricane Katrina damaged the plaintiffs' home in St. Bernard, Louisiana. They filed claims under their homeowner's policy, but State Farm refused to pay the claims. They filed this suit in state court on August 4, 2006, naming State Farm Fire and Casualty Company and its agent, Mel Nelson, as defendants. The plaintiffs assert that they are entitled to payment from State Farm for damages and losses to the property, including penalties under Louisiana law for bad-faith claims adjusting. They assert claims against Mel Nelson for failing to inform them of potential gaps in insurance coverage and for failing to procure adequate insurance.

State Farm removed the case to this Court on September 22, 2006, invoking this Court's diversity jurisdiction. In its Notice of Removal, State Farm asserts that the amount-in-controversy requirement is met and that the parties are completely

diverse because the in-state defendant, Nelson, was fraudulently joined.  The plaintiffs now move to remand, contending that State Farm has not met its burden to prove that they have no possibility of recovery against Nelson, their insurance agent.  The plaintiffs argue that complete diversity is lacking, depriving this Court of jurisdiction to hear the case.

## Law and Analysis

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies.  Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

This case is no different.  In the state court petition, the plaintiffs assert that Nelson, a local defendant, was the insurance agent who procured their State Farm insurance policy. They say that Nelson gave bad advice and failed to provide them

with sufficient coverage.  State Farm says that the plaintiffs improperly joined Nelson to deprive this Court of diversity jurisdiction:  State Farm contends that the plaintiffs have no possibility of recovery from Nelson under Louisiana law because their claims against Nelson are perempted.  Alternatively, State Farm says that Nelson owed no duty to plaintiffs under Louisiana law.

The Court finds that State Farm has failed to discharge its heavy burden to prove that Nelson was fraudulently joined. The Court is unable to determine from the face of the pleadings whether the plaintiffs' claims against Nelson are perempted. (State Farm's unsworn self-serving suggestion in its opposition brief that Nelson had no contact with the plaintiffs following the issuance of the policy in 1991 is insufficient.)  Furthermore, given the legal duties of agents outlined in recent Orders of all Sections of this Court, the Court finds that State Farm has not met its burden in proving that the plaintiffs have no possibility of recovery from Nelson under Louisiana state law.

Because the Court finds that State Farm has not met its burden in proving that Nelson was improperly joined as a defendant, complete diversity between the parties is lacking and this Court has no subject matter jurisdiction to hear the case.

Accordingly, the plaintiffs' motion to remand is GRANTED. The case is hereby remanded to the 34th Judicial District Court for

the Parish of St. Bernard.

                       New Orleans, Louisiana, December 6, 2006.

                                 _____
                                    MARTIN L. C. FELDMAN
                                UNITED STATES DISTRICT JUDGE